IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRIS ELROY LOVELESS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-24-00992-JD ) |
| GRADY COUNTY DISTRICT ATTORNEY'S OFFICE, et al., | ) ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court is a Report and Recommendation ("R. & R.") issued by United States Magistrate Judge Amanda Maxfield Green on January 7, 2025. [Doc. No. 14]. Judge Green recommends that the Court dismiss Plaintiff Chris Elroy Loveless's complaint [Doc. No. 1]. Mr. Loveless filed a timely objection. [Doc. No. 16]. Upon de novo review in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court accepts the Report and Recommendation as modified herein and dismisses the complaint.

I.   **BACKGROUND**

Mr. Loveless is a prisoner in state custody. At the time Mr. Loveless filed this 42 U.S.C. § 1983 action, he had pleaded guilty and been sentenced for intimidation of a witness in Grady County District Court, but he was still being held at the Grady County Detention Center.[1] Loveless's complaint alleges that "[b]y stacking a third (3rd) bed or

---

[1] "[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings

bunk bed and the 3rd bed is at an elevation above 6'0 (six feet) with no handrails or guardrails," the Grady County Detention Center fails to provide inmates a "safe place of rest" and exposes them "to falls greater than 6'0, 24 hours a day." [Doc. No. 1 at 7–9]. Loveless alleges that stacking the beds three-high "is in direct violation of Labor Law § 240(1)";[2] 29 C.F.R. § 1926.501(b)(13), which is an Occupational Safety and Health Administration ("OSHA") regulation; and the Eighth Amendment. *Id.* Loveless further alleges that the Grady County Detention Center has breached the duty of care it owes to inmates as invitees. *Id.* at 10–11. The complaint names the following defendants:

- The Grady County District Attorney's Office and "unknown named employees";
- Jeff Sifers of the Grady County District Attorney's Office, in his individual and official capacities;
- Captain Winsett of the Grady County Detention Center, in his or her individual and official capacities;
- "Unknown named employees" of the Grady County Detention Center, in their individual and official capacities;

---

have a direct relation to matters at issue." *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979). Accordingly, the Court takes judicial notice of the docket in *State v. Loveless*, Case No. CF-2024-89 (Grady Cnty., Okla.), https://www.oscn.net/dockets/GetCaseInformation.aspx?db=grady&number=CF-2024-89 (last accessed May 22, 2025).

[2] As the R. & R. notes, "Labor Law § 240(1)" appears to reference a New York statute that is inapplicable to this action. *See* [Doc. No. 1 at 8].

2

- The State of Oklahoma and its employees, in their individual and official capacities;
- The Oklahoma Commissioner of Health and "unknown named agents or employees"; and
- The Oklahoma Department of Health and "unknown agents."

*Id.* at 4–5. Loveless seeks both injunctive and compensatory relief. He requests that the Grady County Detention Center either remove the bunks above four feet or "provide fall arrest systems or install walkways and guardrail systems." *Id.* at 12. Loveless also seeks $300,000 in compensatory damages. *Id.*

Judge Green recommends dismissing Loveless's complaint in its entirety. R. & R. at 10. The R. & R. recommends dismissing any claim for damages against the Grady County District Attorney's Office, the State of Oklahoma, the Oklahoma Department of Health, and any state officials sued in their official capacities—including the Oklahoma Commissioner of Health and Assistant District Attorney Sifers—because they are immune from suit. *Id.* at 4–5. The R. & R. recommends dismissing Loveless's claim under the Occupational Safety and Health ("OSH") Act because that statute does not provide a private cause of action. *Id.* at 6. As for Loveless's Eighth Amendment claim, Judge Green recommends dismissing the claim against all individual defendants sued in their individual capacities because the complaint "does not allege specific actions taken by any individual Defendant that deprived him of humane conditions of confinement." *Id.* at 8. The R. & R. recommends dismissing the Eighth Amendment claim against Captain Winsett and other unnamed Grady County Detention Center employees in their official

3

capacities (which is effectively a claim against Grady County) because the complaint fails to state a municipal liability claim under the Eighth Amendment. *Id.* at 8–10. Lastly, to the extent Loveless raises a negligence claim under state law, the R. & R. recommends declining to exercise supplemental jurisdiction because Loveless has failed to state a federal claim. *Id.* at 10.

Loveless filed a timely objection. [Doc. No. 16]. Loveless argues that his claims against state officials in their official capacities are not barred because he seeks prospective injunctive relief against the defendants. *Id.* at 4 (citing *Ex parte Young*, 209 U.S. 123 (1908)). Loveless asserts that he never raised a claim under the OSH Act, explaining that "OSHA is only used for reference to validate the civil liberties violations and constitutional rights violated by defendants." *Id.* at 9. "When a jail trust forces or provides a location for rest or housing above 6'0", and puts a persons life in peril from a fall or falling objects," Loveless argues, "that is cruel and unusual punishment." *Id.* Loveless contends that he has stated a claim for constitutionally inadequate conditions of confinement under *Farmer v. Brennan*, 511 U.S. 825 (1994). [Doc. No. 16 at 10]. Loveless asserts that he has shown that the installation of bunk beds that are higher than six-feet tall is sufficiently serious enough to satisfy the objective prong of *Farmer*. *Id.* Loveless argues he has satisfied *Farmer*'s subjective element by alleging that Grady County Detention Center officials ignored the jail's "safety manuals and prisoner rights training," which allegedly discuss OSHA regulations. *Id.* at 8, 11.

II.     **LEGAL STANDARDS**

When a magistrate judge has entered a recommended disposition of a matter, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will . . . . preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "De novo review requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation." *In re Griego*, 64 F.3d 580, 584 (10th Cir. 1995).

Judge Green recommends dismissal of this action pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(a), which require dismissal of a civil action filed by a prisoner who is proceeding in forma pauperis if the complaint fails to state a claim on which relief may be granted. The same standard applies to dismissals under these provisions as dismissals for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). Thus, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Id.* Under this standard, the Court accepts the well-pleaded facts alleged as true and views them in the light most favorable to the plaintiff. *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and the Court must "draw on its judicial experience and common sense" to determine whether a complaint states a plausible claim for relief. *Iqbal*, 556 U.S. at 678–79.

Loveless is proceeding pro se, so his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Nevertheless, "a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id.* "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

### III.     ANALYSIS

In light of Mr. Loveless's objection to the R. & R., the Court construes his complaint as bringing only a § 1983 claim for unconstitutional conditions of confinement under the Fourteenth Amendment. To the extent the complaint raises a claim under the OSH Act, Mr. Loveless has abandoned that claim. [Doc. No. 16 at 8] ("Plaintiff objects to the [R. & R.] making claim the GCCJA is liable for a OSHA violation, when the claim is for a constitutional rights violation created by the [GCCJA], not a private cause."); *see*

6

*United States v. Egli*, 13 F.4th 1139, 1144 (10th Cir. 2021) ("[A]bandonment. . . 'occurs when a party deliberately considers an issue and makes an intentional decision to forgo it.'" (citation omitted)).

### A. The State of Oklahoma, arms of the state, and state officials in their official capacities are not "persons" who can be sued for monetary damages under § 1983.

Mr. Loveless seeks monetary damages against the State of Oklahoma, certain "arms of the state," and state officials in their official capacities. Section 1983 provides a federal cause of action against "every *person* who," under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983 (emphasis added). States, "entities that are considered 'arms of the State' for Eleventh Amendment purposes," and state officials sued in their official capacities are not "persons" who are subject to suit under § 1983 for monetary damages. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989). Entities such as district attorney's offices and state departments of health are considered arms of the state, so they are not "persons" under § 1983. *See Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs.*, 263 F.3d 1151, 1153–54 (10th Cir. 2001) ("[U]nder Oklahoma law, a district attorney is an arm of the state . . . ."); *Meade v. Grubbs*, 841 F.2d 1512, 1525 (10th Cir. 1988) ("[T]he Oklahoma Department of Health is an arm of the State.") (overruled in part on other grounds). Accordingly, Mr. Loveless's claim for damages against the State of Oklahoma, the Oklahoma Department of Health, the Grady County District Attorney's Office, and any state officials sued in their official capacities—

including Assistant District Attorney Jeff Sifers and the Oklahoma Commissioner of Health—is dismissed.

The Court modifies the R. & R. to clarify that it is not dismissing this claim on grounds of immunity, and this dismissal is with prejudice. The Supreme Court has explained that "in deciphering congressional intent as to the scope of § 1983, the scope of the Eleventh Amendment is a consideration," but, ultimately, "the scope of the Eleventh Amendment and the scope of § 1983 are . . . separate issues." *Will*, 491 U.S. at 66–67. The "statutory question [is] 'logically antecedent to the existence of' the Eleventh Amendment question," and "there is no realistic possibility that addressing the statutory question will expand the Court's power beyond the limits that the jurisdictional restriction has imposed." *Vt. Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 779 (2000). "This combination of logical priority and virtual coincidence of scope makes it possible, and indeed appropriate, to decide the statutory issue first." *Id.* at 779–80. With this guidance in mind, the Court dismisses Loveless's claim for damages because these defendants are not "persons" subject to monetary damages under § 1983. Accordingly, the Court dismisses Loveless's claim for damages with prejudice. *See Tufaro v. Okla. ex rel. Bd. of Regents of Univ. of Okla.*, 107 F.4th 1121, 1135 (10th Cir. 2024) (affirming a district court's dismissal with prejudice on grounds that state defendants were not suable "persons" under § 1983); *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1237, 1242 (10th Cir. 1999) (same).[3]

---

[3] *See also Wolf v. N.M. Dep't of Corr.*, No. 23-cv-1120-JCH-KBM, 2024 WL 2396852, at *2 (D.N.M. May 22, 2024) (dismissing the plaintiff's § 1983 claims against

### B. Loveless has failed to state a claim for constitutionally deficient conditions of confinement.

Mr. Loveless alleges a violation of his rights under the Eighth Amendment "to be free from wanton and unnecessary infliction of pain or abuse." [Doc. No. 1 at 7]. To the extent Mr. Loveless raises this claim against individual defendants in their individual capacities, he "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "Because vicarious liability is inapplicable" to § 1983 suits, *id.*, this requirement also applies to supervisors: a plaintiff "must show an 'affirmative link' between the supervisor and the constitutional violation." *Schneider v. Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013) (quoting *Dodds v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010)). Where, as here, the plaintiff has sued state agencies and several individual state actors, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249–50 (10th Cir. 2008). The Court agrees with the R. & R. that Loveless has not alleged any specific actions taken by any individual defendant that deprived him of a constitutional

---

New Mexico Department of Corrections "with prejudice" because the "[defendant] is not a person subject to suit under § 1983" (internal quotation marks and citations omitted)); *Buchanan v. Oklahoma*, No. CIV-09-744-D, 2010 WL 1448856, *2 (W.D. Okla. Apr. 8, 2010) ("Dismissal is with prejudice because a § 1983 claim applies only to a person; the individuals sued in their official capacities and the State and its agencies are not persons for purposes of § 1983 . . . ."), *aff'd*, 398 F. App'x 339, 341–42 (10th Cir. 2010) (unpublished) (affirming the dismissal of the plaintiff's § 1983 claims with prejudice).

right, so he has failed to state a claim against any individual defendant in their individual capacity.

Loveless's claim against Captain Winsett and other "unknown named employees" of the Grady County Detention Center in their official capacities is effectively a claim against Grady County. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent . . . ."). "Local governing bodies" such as counties and municipalities are directly liable under § 1983 if an official policy or custom caused a constitutional violation. *Id.* at 690–94. "Proper analysis" of a § 1983 claim asserted against a county requires the Court to consider two separate issues: "(1) whether plaintiff's harm was caused by a constitutional violation, and (2) if so, whether the [county] is responsible for that violation." *Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992).

The alleged constitutional violation at issue is that Grady County deprived Loveless of humane conditions of confinement by stacking bunk beds three-high to a height of over six feet. The Eighth Amendment, which prohibits the infliction of "cruel and unusual punishments," U.S. Const. amend. VIII, "imposes duties on [prison] officials, who must provide humane conditions of confinement." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Thus, "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Id.* (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–527 (1984)). The Fourteenth Amendment's Due Process Clause—not the Eighth

Amendment—"governs a pretrial detainee's claim of unconstitutional conditions of confinement," but "the Eighth Amendment standard provides the benchmark for such claims." *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998); *see also Blackmon v. Sutton*, 734 F.3d 1237, 1244 (10th Cir. 2013) ("[D]etention center officials surely owe pretrial detainees . . . at least the same standard of care prison officials owe convicted inmates.").

"An inmate making an Eighth Amendment claim for constitutionally inadequate conditions of confinement must allege and prove an objective component and subjective component associated with the deficiency." *Shannon v. Graves*, 257 F.3d 1164, 1168 (10th Cir. 2001). To satisfy the objective component, a plaintiff must allege that conditions are "sufficiently serious so as to 'deprive inmates of the minimal civilized measure of life's necessities'" or to "constitute a substantial risk of serious harm." *Id.* (first quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); and then citing *Helling v. McKinney*, 509 U.S. 25, 33–35 (1993)). "The subjective component requires that a defendant prison official have a culpable state of mind," which means "that he or she acts or fails to act with deliberate indifference to inmate health and safety." *Id.* An official acts with deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

The Court agrees with Judge Green that Loveless's complaint fails to satisfy these requirements. Stacking bunk beds three-high does not "deprive inmates of the minimal

civilized measure of life's necessities," nor does it pose a "substantial risk of serious harm" to inmates. *Shannon*, 257 F.3d at 1168 (citations omitted). To the extent having beds stacked higher than six feet poses any risk of harm, that risk is not sufficiently serious to constitute a constitutional violation. Assuming for the sake of argument that Grady County has violated OSHA regulations, as Mr. Loveless contends, an OSHA violation does not necessarily amount to a constitutional violation. *See Wheeler v. Skidmore*, No. 22-3042-SAC, 2022 WL 746513, at *2 (D. Kan. Mar. 11, 2022) ("[A]n OSHA regulation, if it did apply, does not establish an Eighth Amendment standard for humane conditions of confinement."). The Eighth Amendment does not constitutionalize OSHA regulations. *French v. Owens*, 777 F.2d 1250, 1257 (7th Cir. 1985).

The complaint also fails to allege that any defendant acted with a culpable state of mind. Loveless argues that prison officials acted with deliberate indifference by ignoring their safety manuals and training, which reference OSHA regulations that the detention center was allegedly violating. [Doc. No. 16 at 8, 11]. However, even if the detention center was violating OSHA regulations, Loveless has failed to allege that any official knew of and disregarded an excessive risk to any inmates' safety. Absent such allegations, Mr. Loveless has failed to state a claim for constitutionally inadequate conditions of confinement.

### C. Loveless's claim for injunctive relief is wholly insubstantial, frivolous, and moot.

Loveless seeks injunctive relief from Assistant District Attorney Sifers and unnamed employees of the State of Oklahoma in their official capacities, and in his

objection, Loveless argues that he can bring suit against these officials under *Ex parte Young*, 209 U.S. 123 (1908). [Doc. No. 16 at 4]. The *Ex parte Young* doctrine "permit[s] citizens to seek prospective equitable relief for violations of federal law committed by state officials in their official capacities." *Lewis v. N.M. Dep't of Health*, 261 F.3d 970, 975 (10th Cir. 2001). A plaintiff must satisfy four requirements to proceed under *Ex parte Young*: (1) the suit must be against state officials, "rather than the state itself"; (2) the complaint must allege "a non-frivolous violation of federal law"; (3) the plaintiff must "seek prospective equitable relief, rather than retroactive monetary relief from the state treasury"; and (4) the suit must "not implicate 'special sovereignty interests.'" *Id.* (citation omitted).

      Here, Loveless has sued state officials in their official capacities, and he seeks prospective equitable relief. However, the complaint fails to allege a non-frivolous violation of federal law. As discussed above, Loveless has failed to satisfy either the objective or subjective component of his deliberate indifference claim. Furthermore, Loveless seeks injunctive relief based on the conditions of confinement at the Grady County Detention Center, but he is no longer in custody at that facility. Instead, he is now in the custody of the Oklahoma Department of Corrections ("ODOC"). *See* [Doc. Nos. 10, 12, and 13] (notifying the Court of Plaintiff's changes of address to ODOC facilities); *see also* ODOC Offender Lookup, https://okoffender.doc.ok.gov/ (OK DOC #206437) (last accessed May 22, 2025). "Where [a] prisoner's claims for declaratory or injunctive relief relate solely to the conditions of confinement at the penal institution at which the prisoner is no longer incarcerated, courts have concluded that they are unable to provide

the prisoner with effective relief." *Jordan v. Sosa*, 654 F.3d 1012, 1027 (10th Cir. 2011). "Consequently, courts have routinely dismissed such penitentiary-specific conditions-of-confinement claims as moot." *Id.*

Loveless's claim is "wholly insubstantial and frivolous," especially in light of the fact that the Court cannot provide him with effective equitable relief because he is no longer in custody at the Grady County Detention Center. Accordingly, he may not proceed under *Ex parte Young*, and his claim for injunctive relief against Jeff Sifers and other unnamed state officials in their official capacities is dismissed without prejudice.

### D. The Court declines to exercise supplemental jurisdiction over Loveless's state law claim.

To the extent Loveless raises a negligence claim under Oklahoma law, *see* [Doc. No. 1 at 10–12], the Court declines to exercise supplemental jurisdiction over that claim because the Court has dismissed the federal claim over which it has original jurisdiction, *see* 28 U.S.C. § 1367(c)(3); *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.").

## IV. **CONCLUSION**

The Court ACCEPTS the Report and Recommendation [Doc. No. 14] as modified by this order and DISMISSES Loveless's complaint in its entirety. Loveless's claim for monetary damages against the State of Oklahoma, the Oklahoma Department of Health, the Grady County District Attorney's Office, and any state employees sued in their

official capacities is dismissed with prejudice; all other claims are dismissed without prejudice.

    IT IS SO ORDERED this 22nd day of May 2025.

                                                                                          _____
                                                                                           JODI W. DISHMAN
                                                                                           UNITED STATES DISTRICT JUDGE